```
           UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

LEVON BABAYAN,                 )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 05-10427-WGY
                               )
MICHAEL CHADINA,               )
          Defendant.           )
```

MEMORANDUM AND ORDER

YOUNG, C.J.

For the reasons stated herein, the Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed, and this action is dismissed in its entirety.

BACKGROUND

I. Prior Related Litigation

In Civil Action No. 03-12037-WGY, Plaintiff Babayan filed a complaint alleging violation of his civil rights, employment discrimination, and other tort claims stemming from his employment as a mechanic at the Massachusetts Archives building since 1991. There, he contended the Archives Director, Richard Sundstrom, conspired with the Secretary of State's Office to force Plaintiff to perform numerous illegal duties as a skilled laborer. Plaintiff also alleged poisoning and enslavement, conspiracy to commit murder and other crimes, and he claimed he was illegally

fired without explanation, and his health benefits terminated.

On February 28, 2004, the case was dismissed as to the Commonwealth, the Secretary of State, and Richard Sundstrom in their official capacities, the allegations of criminal conduct and conspiracy to commit the same were stricken as spurious, and the matter was also dismissed for failure to state a claim upon which relief may be granted. The remaining claims against Secretary Galvin and Sundstrom individually proceeded to a non-jury trial.

On February 15, 2005, a non-jury trial was held before me, at which time I found all of Plaintiff's claims to be without merit, and entered judgment for defendants. Plaintiff presented no credible evidence of intentional misconduct by either defendant.  I further found that Plaintiff was precluded from re-litigating matters of medical causation fully litigated before the Department of Industrial Accidents and appealed unsuccessfully within the courts of the Commonwealth of Massachusetts.  The action is currently on appeal.

II.  The Instant Action

On the heels of the dismissal of C.A. 03-12037-WGY, on

March 1, 2005, Plaintiff filed a self prepared complaint against Michael Chadinha, a Judge of the Department of Industrial Accidents ("D.I.A."). The complaint is not entirely lucid, and contains virtually identical portions of the complaint filed in Civil Action No. 03-12037-WGY.

Plaintiff alleges the defendant "voluntarily participated in conspiracy and betrayal against an American Disabled Citizen...and also intentionally committed the crime of endangering human life and attempted to murder the disabled plaintiff." (Complaint, ¶1). He claims he is totally disabled due to job related stress which led to heart attacks and surgery. (Complaint, ¶3). He claims the defendant "Traitor and Crook" committed an intentional miscarriage of justice against him. (Complaint, ¶4).

Again, as in the prior action, the crux of the complaint stems from his contentions that he worked "as a slave" for his boss, Director Sundstrom (whom he describes as a "Gestapo boss", and was forced to perform work as a skilled laborer instead of an HVAC mechanic, and that he performed various manual labor jobs for lower pay. (Complaint, ¶¶6-8). Plaintiff alleges he became ill due to the working conditions, and he was later wrongly blamed by Sundstrom for destroying the central computer program, and

3

was told to quit or he would be fired.(Complaint, ¶¶10-12). He claims that due to Sundstrom's threat, humiliation and harassment, he was under severe stress, and suffered a heart injury and became disabled. (Complaint, ¶9).  He also claims to have been unable to return to work since 1999.

There was a hearing before Judge Chadinha of the Department of Industrial Accidents on May 12, 1999.  At that time, Plaintiff was denied job compensation benefits, which he claims was based on the false testimony of the Department's director, Rita McCabe. (Complaint, ¶¶14-15). Plaintiff appealed the matter and the case was heard on October 20, 1999 by Judge Chadinha, who took the matter under advisement.  In December 2000, Judge Chadinha denied Plaintiff's claims, deemed them to be unrelated to work, and terminated Plaintiff's compensation benefits.  Plaintiff claims this caused him to suffer starvation and other adverse consequences, including a second heart attack and surgery. (Complaint, ¶¶20-22). He further claims this was an attempt of the Administrative Judge to murder him, and that he ignored credible medical evidence of Plaintiff's disability.

Plaintiff appealed the defendant's decision on January

22, 2002, the Reviewing Board of the Department of Industrial Accidents affirmed the decision of Judge Chadinha.

Plaintiff alleges various violations of state law, "malfeasance and "abstraction" [sic] of justice", intentional infliction of emotional distress, conspiracy to commit a murder, and specific permanent injuries.  He seeks damages in excess of $1 million dollars.

Accompanying Plaintiff's complaint was an Application to Proceed Without Prepayment of Fees.

## ANALYSIS

I.  The Application to Proceed Without Prepayment of Fees

Plaintiff's Application reveals that he is unemployed, has approximately $520.00 in bank accounts or cash, has no other assets or income except for a home valued at approximately $190,000 (no indication is made of the equity in the home).  He also claims to be receiving SSI benefits. His complaint alleges that he is totally disabled and has suffered two heart attacks and surgeries.  In light of this, Plaintiff has demonstrated he is without sufficient assets at this time to pay the filing fee, and his Application is allowed.

5

II.   The Complaint is Subject to Preliminary Screening.

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. The complaint, therefore, is subject to the screening provisions of 28 U.S.C. §1915. See 28 U.S.C. §1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2).

III.   Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even affording a generous reading of Plaintiff's complaint, this action is dismissed *sua sponte* for the reasons stated below.

   A.   Failure to comply with Fed. R. Civ. Proc. 8(a).

First, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint,

inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Here, Plaintiff's complaint fails to comport with the requirements of Rule 8(a)(2).[1]

    B. Judicial immunity.

Second, Plaintiff seeks to sue a judicial officer from the Department of Industrial Accidents, in connection with rulings and decisions made by the defendant in the course of D.I.A. hearings. These include Plaintiff's dispute regarding the Judge's denial of his claims that there was a

---

[1] Because there exists sufficient grounds for dismissal of this action, the Court need not dismiss under Fed. R. Civ. P. 8(a) grounds. Of particular concern, however, is Plaintiff's inflammatory characterizations of the various defendants throughout the complaint as "traitor" "crook" and "Gestapo-Director". Recognizing that *pro se* complaints should be given broad latitude, both Plaintiff's complaints push the envelope of acceptable pleading practices tolerated by this court. While this Court will not dismiss on these grounds, the Court would be remiss in not warning Plaintiff that further pleadings of this ilk will not be brooked.

medical causation between his heart attacks and the work related stress he was subject to by Director Sundstrom. An administrative judge performing judicial acts within his jurisdiction is entitled to judicial immunity, and therefore Plaintiff's action must be dismissed. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Bettencourt v. Board of Registration of Medicine of the Commonwealth of Massachusetts, 904 F. 2d 772, 782-785 (1st Cir. 1990)(discussion of quasi-judicial immunity, and finding that under Butz v. Economou, 438 U.S. 478, 508 (1977) absolute immunity bars damage claims against those acting in "quasi-judicial capacities")(other citations omitted); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); Camas v. Dickson-Witmer, M.D., 2001 WL 34368388 at *4 (D. Del. 2001)(quasi-judicial immunity bars suit against defendant in personal capacity where defendant performed judicial

8

function); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

   C.   Eleventh Amendment Immunity

   Similarly, to the extent that Plaintiff asserts claims against Judge Chadinha in his official capacity as an Administrative Judge of the Commonwealth of Massachusetts, those claims are barred, under the Eleventh Amendment.[2] Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,.

---

   [2]The Eleventh Amendment to the United States Constitution provides that:

   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

. . a State cannot be sued directly in its own name regardless of the relief sought."); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

    D.   Statute of Limitations

Additionally, all the alleged wrongful actions taken by defendant Judge Chadinha, even if accepted as true, occurred in 1999 and 2000.  Thus, Plaintiff is barred by the statute of limitations from any tort-based claims, and any civil rights claims.[3]

    E.   Plaintiff is barred from re-litigating medical

---

[3] The statute of limitations for claims under the Civil Rights Act is three years.  Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985). Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims).

<u>causation claims</u>

Finally, this Court has already determined in Civil Action No. 03-12037-WGY that Plaintiff is barred from re-litigating the medical causation claims which have been determined by the D.I.A. and unsuccessfully appealed in the state courts. Such claims are an integral part of this action, and therefore this action should be dismissed. Moreover, this Court deems that this action, coming on the heels of the dismissal of Civil Action 03-12037-WGY, is merely an attempt on the dissatisfied Plaintiff's part to circumvent the dismissal and re-litigate issues which have been already considered and dismissed by this Court.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that the above captioned matter is DISMISSED in its entirety under 28 U.S.C. §1915(e)(2).

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of March, 2005.

                              /s/ William G. Young
                              WILLIAM G. YOUNG
                              CHIEF, UNITED STATES DISTRICT JUDGE